IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JONATHON SCHUBERT | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-66 |
| RUBEN GUTIERREZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Jonathon Schubert, proceeding *pro se*, brings this lawsuit pursuant to *Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971). This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion to Dismiss (Doc. # 24.) filed by Defendant Gutierrez.

Factual Allegations

In his Complaint (Doc. #1.), Plaintiff states that on June 14, 2018, he was incarcerated in the Special Housing Unit of the United States Penitentiary at Beaumont, Texas. He alleges that on this date, Defendant Gutierrez took his Bible because he refused to take down his light covers. Plaintiff states that when Defendant Gutierrez opened the tray slot in the door to the cell, he grabbed his lunch tray and his cell mate's tray. He then stuck his forearm out and grabbed the slot. Plaintiff told Defendant Gutierrez he needed to return the Bible because he was violating Plaintiff's constitutional rights. In response, Defendant Gutierrez grabbed Plaintiff's hand and hyperextended his elbow, trying to break his arm in the slot. Plaintiff states he pulled his arm back before Defendant Gutierrez could break it.

Then, before Defendant Gutierrez closed the slot, Plaintiff stuck his forearm out and grabbed the slot again. He demanded his Bible. Defendant Gutierrez grabbed Plaintiff's hand, pulling his forearm backwards. Plaintiff states Defendant Gutierrez sprained his elbow and almost broke his arm. Plaintiff pulled his arm in before it could be broken. He attempted to keep the slot open with his hands. Defendant Gutierrez then slammed the slot closed on both of Plaintiff's hands and held it closed for a minute.

## The Motion to Dismiss

Defendant Gutierrez seeks dismissal of the claims against him based, *inter alia*, on Plaintiff's failure to exhaust his administrative remedies. He contends that while Plaintiff states he filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), this action is insufficient to satisfy the exhaustion requirement set forth in 42 U.S.C. § 1997e.

## Analysis

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id*. at 532. Prisoners must exhaust administrative

remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Federal Bureau of Prisons ("BOP"), which administers the prison where Plaintiff is incarcerated, has a four step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the matter with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office. *Id*.

Plaintiff states he filed an administrative tort claim pursuant to the FTCA. However, he does not state he attempted to pursue his remedies through the BOP's administrative remedy process.

The BOP's administrative remedies process is separate from the procedures used for filing administrative tort claims. As a result, filing an administrative tort claim does not satisfy the statutory requirement of exhausting available remedies before filing a civil rights lawsuit. *Lopez-Heredia v. Univ. of Tex. Med. Branch Hosp.*, 240 F. App'x 646, 647 (5th Cir. 2007) (the BOP's FTCA claims procedure is separate from the BOP's administrative remedies prodedure); *Lambert v. U.S.*, 198 F. App'x 835, 840 (11th Cir. 2006) (there are separate procedures for exhausting FTCA claims and civil rights claims and the exhaustion requirement set forth in Section 1997e(a) requires an inmate to file grievances through the BOP's administrative remedy procedure); *Gambino v. Hershberger*, Nos. TDC-17-1701 and TDC-17-2311, 2021 WL 288483, at *5 (D. Md. Jan. 28, 2021) ("For a *Bivens* claim, the exhaustion requirement is satisfied by completion of the [administrative remedy] process, not by the filing of an administrative tort claim under the FTCA."); *Bassil v. Federal Bureau of Prisons*, No. 3:15cv640, 2017 WL 9516607, at *5, n. 6 (S.D. Miss. Jan.

9, 2017) ("Plaintiff's grievance filed pursuant to the FTCA is of no matter with regard to his *Bivens* claims because the exhaustion requirements for FTCA claims and *Bivens* claims are separate and distinct.").

While Plaintiff states he filed an administrative tort claim under the FTCA, he does not contend he pursued his remedies under the BOP's administrative remedy process. Based on the authorities cited above, filing an administrative tort claim under the FTCA does not satisfy the statutory exhaustion requirement. The motion to dismiss should therefore be granted.

### Recommendation

The motion to dismiss filed by Defendant Gutierrez should be granted.

### Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 11th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE