IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JONATHON SCHUBERT | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-66 |
| LIEUTENANT MCYNTRE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jonathan Schubert, an inmate confined within the Bureau of Prisons, proceeding *pro se*, brings this lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Lieutenant Mcyntre, Captain Duck and Lieutenant Moreno.[1] This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

In his Complaint (doc #1), Plaintiff states that on June 14, 2018, he was incarcerated in the Special Housing Unit of the United States Penitentiary at Beaumont, Texas. He alleges that on this date Officer Ruben Gutierrez took his Bible because he refused to take down his light covers. Plaintiff states that when Officer Gutierrez opened the tray slot in the door to the cell, he grabbed his lunch tray and his cell mate's tray. He then stuck his forearm out and grabbed the slot. Plaintiff told Officer Gutierrez he needed to return the Bible because he was violating Plaintiff's constitutional rights. In response, Officer Gutierrez grabbed Plaintiff's hand and hyper-extended his elbow, trying to break his arm in the slot. Plaintiff states he pulled his arm back before Officer Gutierrez could break it.

---

[1] Plaintiff also named Ruben Gutierrez as a Defendant. The claims against him were previously dismissed. (Doc. #31.)

Plaintiff alleges that before Officer Gutierrez closed the slot, Plaintiff stuck his forearm out and grabbed the slot again. He demanded his Bible. Officer Gutierrez then grabbed Plaintiff's hand, pulling his forearm backwards. Plaintiff states Defendant Gutierrez sprained his elbow and almost broke his arm, however, he pulled his arm in before it could be broken. Plaintiff asserts that as he attempted to keep the slot open with his hands, Officer Gutierrez slammed the slot closed on both of Plaintiff's hands, holding it closed for a minute.

Plaintiff states a disciplinary case was subsequently written against him. Defendant Mcyntre told him this was protocol when force is used against an inmate. Plaintiff states Lieutenant Hansen, Defendant Mcyntre and Officer Gutierrez told him he would not be convicted of a disciplinary offense.

Plaintiff alleges that on June 28, 2018, he was convicted of a disciplinary offense. He states the Discipline Hearing Officer told him that the case could not be dismissed because of actions taken by Defendant Duck.

Plaintiff asserts that on January 20, 2019, he had an altercation with his cell mate. He states that as a result of the altercation, Defendant Moreno summoned a team of officers. When the team of officers opened the cell door, Plaintiff was on his knees facing the back of the cell with his hands behind his back. After the team closed the door, Plaintiff went under his bunk because he thought they were going to use pepper spray. He states that after the door was opened again, an officer punched him in the side of the head while another officer pinned his ankle against the steel leg of the bunk.

<u>Standard of Review</u>

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity, or an officer or employee of a governmental entity, if the complaint is: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. A complaint is subject to dismissal for failure to state a claim if the plaintiff has failed to plead "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

Plaintiff asserts Defendants Mcyntre and Duck denied him due process of law in connection with a disciplinary proceeding. He also alleges Defendant Moreno failed to protect him from being assaulted. For the reasons set forth below, these claims may not be pursued in a *Bivens* action.

*"Disfavored Judicial Activity"*

The Supreme Court has stated that expanding causes of action under *Bivens* is "a 'disfavored' judicial activity." *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). Separation-of-powers principles are central to the analysis of whether *Bivens* should be expanded. The question is whether Congress or the courts should authorize a damages lawsuit. *Abbasi*, 137 S. Ct. at 1857. Mindful of separation-of-powers interests, the Court developed a two-part test. *Id.* at 1859-60. First, a court must ask whether a plaintiff's claim falls into one of three existing *Bivens* causes of action. *Oliva v. Nivar*, 973 F.3d 438, 441 (5th Cir. 2020). Then, if a case does not fall into one of those causes of action, a court asks whether there are "special factors counseling hesitation" in extending the remedy available under *Bivens*. *Abbasi*, 137 S. Ct. at 1857. The special factors inquiry concentrates on "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1858. These factors include whether Congress has legislated on the right at issue. *Id.* "[I]f there is an alternative remedy structure present in a certain case," the existence of that process "alone may limit the power of the judiciary to infer a new *Bivens* cause of action." *Id.* Courts are to also consider separation-of-powers concerns. *Hernandez v. Mesa*, 885 F.3d 811, 818 (5th Cir. 2018) (*en banc*). "[T]he only relevant threshold–that a factor counsels hesitation–is remarkably low." *Id.* at 823.

The three existing *Bivens* causes of action are as follows:

(1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90, 91 S. Ct. at 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman,* [442 U.S. 228 (1979)];

and (3) failure to provide medical attention to an asthmatic person in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, [446 U.S. 14 (1980)].

*Oliva*, 973 F.3d at 442. Virtually every other cause of action is a new context. *Id*. A cause of action needs only be "different in [one] meaningful way from previous *Bivens* cases" for the "context [to be] new." *Abbasi*, 137 S. Ct. at 1859. "[E]ven a modest extension [of *Bivens*] is still an extension." *Abbasi*, 137 S. Ct. at 1864.

*Failure to Protect*

A failure to protect claim presents a new *Bivens* context. *Brooks v. Hawkins*, No. 3:20cv599, 2022 WL 350726, at *2 (S.D. Miss. Jan. 14, 2022); *Dudley v. United States*, No. 4:19cv317, 2020 WL 532338, at *6 (N.D. Tex. Feb. 23, 2020). The claim is different in a meaningful way from the claims recognized in *Bivens, Davis* and *Carlson*. *Hoffman v. Preston*, No. 1:16cv1617, 2020 WL 58039, at *2 (E.D. Cal. Jan. 6, 2020); *Michelson v. Duncan*, 1:17cv50, 2018 WL 4474661, at *4 (W.D.N.C. Sept. 18, 2018). The Supreme Court has recognized only three *Bivens* contexts, none of which include a failure to protect claim. *Cannenier v. Skipper-Scott*, No. 18cv2383, 2019 WL 764795, at *5 (S.D.N.Y. Feb. 20, 2019).

As this claim presents a new *Bivens* context, it should be considered whether there are special factors counseling hesitation. The Prison Litigation Reform Act ("PLRA") counsels hesitation as Congress, when it had the opportunity to do so, failed to provide for a damages remedy against federal prison employees. *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021). Further, the Bureau of Prisons' Administrative Remedy Program provides an alternative remedial process for inmates. *Watkins v. Carter*, No. 20-40234, 2021 WL 453320, at *2 (5th Cir. Oct. 4, 2021); *Dudley*, 2020 WL 532338, at *8; *Brunson v. Nichols*, No. 1:14cv2467, 2018 WL 7286410, at *3 (W.D. La. Dec. 7, 2018). "[If Congress has created 'any new alternative, existing process for protecting the [injured party's interests,' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Abassi*, 137 S. Ct. at 1858 (quoting *Wilke v. Robbins*, 551 U.S. 537, 550 (2000)).

4

The existence of even one special factor counseling hesitation requires that a court refrain from an expansion of *Bivens*. *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020). Here, at least two factors counsel hesitation. As a result, special factors counseling hesitation prevent the conclusion that the remedy available under *Bivens* should be expanded to include a failure to protect claim.

Based on the foregoing, a failure to protect claim may not be brought pursuant to *Bivens*. Plaintiff's failure to protect claim therefore fails to state a claim upon which relief may be granted.

*Denial of Due Process*

Plaintiff also alleges he was denied due process of law in connection with a disciplinary proceeding, a claim that arises under the Fifth Amendment. A claim that an inmate was denied due process of law in connection with a disciplinary proceeding presents a new *Bivens* context. *Johnson v. Ramos*, No. 1:18cv152, 2021 WL 3163846, at *3 (N.D. Tex. July 27, 2021); *Xiong v. Chatters*, No. 2:20cv160, 2020 WL 5836897, at *3 (E.D. Ark. Sept. 9, 2020); *Tolbert v. Nash*, No. 3:18cv128, 2020 WL 5415739, at *4 (S.D. Miss. Apr. 29, 2020); *Chambers v. Herrera*, No. 5:17cv2564, 2019 WL 4391135, at *7 (C.D. Cal. July 9, 2019). The claim is different in a meaningful way from the claims recognized in *Bivens, Davis* and *Carlson*. Specifically, this Fifth Amendment claim, which involves a due process claim by a prisoner, is a different context from the Fifth Amendment claim recognized in *Davis*, which involved an equal protection claim based on discrimination on the basis of sex in the federal workplace. *Johnson*, 2021 WL 3163846, at *3; *Venizelos v. Bittenbender,* No. 3:19cv1219, 2020 WL7775457, at *7 (M.D. Pa. Dec. 8, 2020); *Ioane v. Merlak*, 1:19cv1585, 2020 WL 6060879, at *5 (E.D. Cal. Oct. 14, 2020). A claim may arise in a new contest even if it is based on the same constitutional provision as a case in which a damages remedy has previously been recognized. *Hernandez*, 140 S. Ct. at 743.

In addition, there are special factors counseling hesitation. As previously stated, the Administrative Remedy Program of the Bureau of Prisons provide an alternative method of relief. Further, the PLRA counsels hesitation as Congress, when it had an opportunity to do so, failed to

provide for a damages remedy against federal employees who violate the due process rights of prisoners.

As stated above, if any special factor exists, a court must refrain from expanding *Bivens*. Here more than one factor exists.  As a result, special factors counseling hesitation prevent the expansion of the remedy available under *Bivens* to denial of due process claims.

Based on the foregoing, a claim under the Fifth Amendment based on a denial of due process in connection with a disciplinary proceeding may not be brought pursuant to *Bivens*.  This claim therefore fails to state a claim upon which relief may be granted.

<u>Recommendation</u>

This *Bivens* lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 1st day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE